## CIRCUIT COURT OF ROANOKE COUNTY

Heartland Bread Co., L.L.C.

v.

Yellow Star Bread Co., L.L.C.

October 13, 2004

Case No. CH03-240

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff Heartland Bread Co., L.L.C., et al., sold one of its bread baking and retail sales facilities to Defendant Yellow Star Bread Co., L.L.C., et al. The sales contract contained a provision that allowed the Defendant to use the Plaintiff's name, recipes, logo, and jingles provided Defendant, in the sole discretion of the Plaintiff, maintain the same standards of quality, cleanliness, and service as had previously existed. Plaintiff now claims in its Bill of Complaint that Defendant failed to maintain the appropriate standards and failed, after having been given notice, to cure that defect by raising its standards to their former levels.

Defendant asserts that no such standards ever existed. In an alternative argument, the Defendant claims to have maintained or exceeded the previous standards. Finally, the Defendant takes the position that it is patently unfair to allow the Plaintiff to unilaterally determine the standards of quality, cleanliness, and service, and then unilaterally, in its sole discretion, determine whether Defendant has breached them.

"Where the terms of an agreement are clear and unambiguous, the language used will be taken in its ordinary signification, and the plain meaning of the language used will be ascribed to it." *Marriott Corp. v. Combined Properties, Ltd. P'ship*, 239 Va. 506, 512 (1990). See also *Barris v. Keswick Homes, L.L.C.*, 268 Va. 67, 71 (2004). In our case, the plain language of the agreement vests sole discretion in the Plaintiff to determine if the previously existing standards were adequately maintained by the Defendant. The law requires the Plaintiff to use that discretion fairly. When a challenge is made to

an exercise of discretion, it must be made by proof of an abuse of that discretion. See *Blue Cross & Blue Shield v. Keller*, 248 Va. 618, 625 (1994). No such abuse of discretion was proven in this case. The law is clear; the parties to a contract are bound by its terms. A court will not rewrite an agreement for a litigant simply because it was entered into improvidently. The Court finds in favor of the Plaintiff.

Counsel for Plaintiff should prepare and present an endorsed order, incorporating this letter opinion by reference, and enjoining the Defendant from using the name, recipes, logo, and jingles of Heartland Bread Co., L.L.C.